IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **BARTHOLOMEW B. JONES,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 7:12-CV-0105-HL-TQL |
| VS. | : | |
| | : | |
| **VALDOSTA STATE PRISON,** | : | |
| | : | |
| Defendants. | : | |

## ORDER

Currently before the Court is Plaintiff Bartholomew B. Jones' Motion for Reconsideration (ECF No. 13) of the Court's Order (ECF No. 8) dismissing the present case prior to service. Plaintiff, an inmate at Valdosta State Prison, filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 and sought leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).

After reviewing Plaintiff's Complaint and filing history, this Court found that Plaintiff could not proceed *in forma paupers*, as he had exceeded the "three strikes" allowed by the Prison Litigation Reform Act, 28 U.S.C. 1915(g).  See Order, September 18, 2012 (ECF No. 8).  Plaintiff down claims that this dismissal violates his constitutional right to access to the courts.  This issue has already been addressed, however, and the Eleventh Circuit Court of Appeals has held that the PLRA's "three strikes" provision, does not violate the doctrine of separation of powers, an inmate's right of access to the courts, an inmate's right to due process of law, or an inmate's right to equal protection. See Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007).  Dismissal of a prisoner complaint under 28 U.S.C. § 1915(g) is thus constitutional. Id.

A prior review of court records on the U.S. District Web PACER Docket Report revealed that Plaintiff has three "strikes" under the PLRA. See Jones v. McMillan, 1:08-cv-00022-JRH-WLB (S.D. Ga. June 2, 2008) (dismissed for failure to state a claim); Jones v. Down Low Models & Publications, 5:05-cv-00169-CAR (M.D. Ga. July 19, 2005) (dismissed for failure to state a claim); Jones v. Oubre, 1:10-cv-01344-MHS (S.D. Ga. Oct. 5, 2010) (dismissed for failure to exhaust); Jones v. Upton, 5:10-cv-134-HL-CHW (M.D. Ga. May 28, 2010) (dismissed for failure to respond). The Court also found that Plaintiff did not allege the existence of a present or imminent danger of serious *physical* injury so as to qualify for the exception to § 1915(g).

The present Motion for Reconsideration is accordingly **DENIED**. If Plaintiff wishes to bring a new civil rights action against these Defendants, he must submit a new complaint form and the entire $350.00 fee at the time of filing. See Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

**SO ORDERED**, this 7th day of January 2013.

*s/ Hugh Lawson*
HUGH LAWSON, JUDGE
UNITED STATES DISTRICT COURT

jlr